## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

**3M COMPANY,**

            **Plaintiff,**

    **vs.**

**Qing Fang, et al.**

            **Defendant.**

**CASE NO. 20-CV-02348 (SRN/TNL)**

## CONSENT JUDGMENT AND PERMANENT INJUNCTION
## DEFENDANT QING FUNG

Pursuant to the Notice of Settlement and Stipulation for Entry of Consent Judgment and Permanent Injunction between Plaintiff 3M Company ("Plaintiff" and/or "3M"), on the one hand, and Defendant Qing Fung (a/k/a Qing Fang) ("Defendant") on the other (the "Stipulation"), the Court hereby ORDERS, ADJUDICATES and DECREES that judgment and a permanent injunction shall be and hereby is entered as follows:

### FINDINGS

1.    This Court has jurisdiction over the subject matter of this case and over the Stipulating Parties.

2.    Venue is proper as to the Stipulating Parties in the District of Minnesota pursuant to 28 U.S.C. § 1391(b).

3.    The Complaint states *prima facie* claims upon which relief may be granted against the Defendants under 15 U.S.C. §§ 1114(1), 1116(d), 1125(a)(1)(A), and 1125(c) as well as California Business & Professions Code, §§ 17200 et seq. and 17500 et seq.

1

4.     3M is the owner of numerous federal trademark registrations, including specifically (i) U.S. Trademark Reg. No. 3,398,329, which covers the standard-character 3M mark in International Classes 9 and 10 for, inter alia, respirators (the "'329 Registration"), (ii) U.S. Trademark Reg. No. 2,692,036, which covers the 3M logo for, inter alia, a "full line of surgical masks, face shields, and respiratory masks for medical purposes" (the "'036 Registration"); and (iii) U.S. Trademark Reg. No. 2,793,534, which covers the 3M design mark in International Classes 1, 5, and 10 for, inter alia, respirators (the "'534 Registration"), all of which are registered on the Principal Register in the United States Patent and Trademark Office and have become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065.

5.     Since long before Defendant used any "3M" designation or mark, 3M has offered products under its 3M mark, including in connection with 3M-brand respirators.

6.     As a result of its longstanding use of the 3M mark, the 3M mark has become famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

7.     Defendant acknowledges that she is the named Defendant Qing Fung (also known as Qing Fang) in this action.  From August 2020 through November 2020, Defendant sold at least 637 cartons each containing 20 counterfeit 3M-branded 1860 model respirators through Defendant's *funda999* storefront in sales totaling at least $ 82,769.66; and at least 1,207 cartons each containing 20 counterfeit 3M-branded 1860 model respirators through Defendant's *mdj9898* eBay storefront in sales totaling at least $109,607.94.

8.     In making the sales described above, Defendant adopted and began using the 3M mark in US commerce.  Defendant represented or implied that the eBay storefronts identified above and the 3M-branded products sold through them

had an association or affiliation with, sponsorship by, and/or connection with, 3M and 3M's products. Defendant represented or implied that the products they sold were authentic 3M N95 respirator masks and contend they believed that they were authentic 3M N95 respirator masks.

9. Defendant acknowledges that the 3M-branded goods sold described above consisted of counterfeit 3M respirators. Defendant not only trafficked in counterfeit goods, but also sold them at inflated prices several times the prices charged by 3M for genuine respirators during the state of emergency that was declared on March 4, 2020 in response to COVID-19.

10. Defendant's conduct is likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Defendants' goods and has deceived the relevant consuming public into believing, mistakenly, that Defendant's goods and associated conduct originate from, are associated or affiliated with, or are otherwise authorized by 3M. Defendant's conduct is also likely to cause confusion or deceive consumers as to the pricing and value of 3M products. Further, Defendant's conduct is likely to dilute the distinctive quality of, and tarnish the reputation of, 3M's famous 3M mark.

11. The foregoing conduct by Defendant constitutes trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), unfair competition and false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), trademark infringement under Minnesota Statute § 333.28, and trademark dilution – under Minnesota Statute. § 333.285.

12. Defendant realized in excess of $192,377 in sales of the purported 3M 1860 model N95 respirators through eBay.com.

13. As a direct and proximate result of the Defendant's conduct alleged herein, 3M has sustained substantial, immediate, and irreparable injury, and is

entitled to monetary relief and an injunction pursuant to 15 U.S.C. §§ 1116-1117.

14.     Entry of this Consent Judgment and Permanent Injunction is in the public interest.

15.     Defendant and 3M hereby stipulate to entry of this Consent Judgment and Permanent Injunction.

16.     Defendant has waived all rights to seek judicial review or otherwise challenge or contest the validity of this Order, and further waives and releases any claim she may have against 3M its employees and agents, including any rights that may arise for attorneys' fees or other costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, amended by Pub. L. 104-121, 110 Stat. 847,863-64 (1996).

## ORDER

IT IS THEREFORE ORDERED that:

1.     This Order supersedes the Court's prior temporary restraining orders in this Lawsuit with regard to Defendant Fang.

2.     Defendant shall pay 3M the total sum of $20,000 ("Settlement Amount") as set forth in the Settlement and Mutual Release Agreement entered into between the Stipulating Parties.

3.     Defendant, any agents, servants, employees, officers and all persons and entities in active concert and participation with her, are permanently enjoined from any of the following:

a.  Selling or offering to sell any 3M Products, or otherwise using the 3M mark or any confusingly similar mark unless expressly authorized by 3M;

b.  secreting, concealing, destroying, altering, selling, transferring or otherwise disposing of any inventory of counterfeit 3M products in Defendant's possession, custody or control, unless being sent to 3M for destruction and specifically authorized by 3M; and

c.  aiding, assisting, or abetting any other individual or entity in doing any act

4

prohibited by this paragraph.

4.    Upon payment of the Settlement Amount by Defendant, any non-parties previously subject to this Court's Temporary Restraining Order—including PayPal, Inc., eBay Inc., and any other third-party payment processor used by Defendant—may, upon receipt of notice of this Consent Judgment, un-freeze all eBay, PayPal, or other payment accounts associated with the Defendant Qing Fung and release the eBay accounts to Defendant's control.

5.    This Court shall retain jurisdiction to hear and determine all matters arising out of, relating to, and/or otherwise concerning the interpretation and/or enforcement of this Consent Judgment and Permanent Injunction.

6.    If Defendant is found to be in contempt of, or otherwise to have violated this Consent Judgment and Permanent Injunction, the Stipulating Parties agree that 3M shall be entitled to all available relief which it may otherwise request from the Court, including sanctions for contempt, damages, injunctive relief, attorneys' fees, costs, and any other relief deemed by the Court to be proper in the event of such violation.

7.    All claims and defenses that were alleged (or that could have been alleged) in the Lawsuit by any of the Stipulating Parties are hereby resolved by this Consent Judgment and Permanent Injunction.

8.    The Stipulating Parties shall each bear their own costs and attorneys' fees incurred in this action.

This Consent Judgment and Permanent Injunction constitutes a final judgment on the merits of 3M's claims against Defendant for purposes of res judicata, collateral estoppel, issue preclusion, and claim preclusion.

**IT IS SO ORDERED.**

          **s/Susan Richard Nelson**
          **SUSAN RICHARD NELSON**
          **United States District Judge**

Dated:  April 23, 2021          AGREED:


          */s/ Qing Fang*

          QING FANG
          Defendant – pro se


          */s/ Christopher M. Weimer*

          PIRKEY BARBER PLLC

          Christopher M. Weimer (admitted pro hac vice)
          Alexandra H. Bistline  (admitted pro hac vice)
          David E. Armendariz (admitted pro hac vice)
          1801 East 6th Street, Suite 300
          Austin, Texas 78702
          Telephone: (512) 322-5200
          Facsimile: (512) 322-5201
          cweimer@pirkeybarber.com
          abistine@pirkeybarber.com
          darmendariz@pirkeybarber.com

          and

          GREENE ESPEL PLLP

          Jenny Gassman-Pines
          Sybil L. Dunlop, Reg. No. 0390186
          222 S. Ninth Street, Suite 2200
          Minneapolis, MN  55402
          Jgassman-pines@greeneespel.com

sdunlop@greeneespel.com
(612) 373-0830
Attorneys for Plaintiff 3M Company